## SAM FREDRICKS AND ANOTHER v. J. A. A. BURNQUIST AND OTHERS.[1]

May 24, 1940.

No. 32,487.

*M. J. McKeon,* for appellants.

*J. A. A. Burnquist,* Attorney General, *Matthias N. Orfield* and *George W. Markham,* Special Attorneys, and *Thomas J. Naylor,* County Attorney, for respondents J. A. A. Burnquist, Thomas J. Naylor, and Sam Owens.

*Whipple & Atmore,* for respondent Duluth Retail Grocers & Meat Dealers Association.

STONE, JUSTICE.

On the pleadings there was judgment of dismissal. Plaintiffs appeal.

[1]Reported in 292 N. W. 420.

This case is companion to McElhone v. Geror, 207 Minn. 580, 292 N. W. 414, No. 32,443, the opinion in which is filed herewith. That decision is decisive also of most of this case, which differs from the other only in form, this being one for a declaratory judgment. Plaintiffs pray for one denouncing the statute as unconstitutional.

1. There is no basis for plaintiffs' argument that the law is unconstitutional because it discriminates unfairly, or fails properly to note the distinction between "services rendered by a cash-and-carry establishment and those furnishing delivery and other services." See Florida D. C. & L. Board v. Everglades Laundry, Inc. 137 Fla. 290, 188 So. 380.

The point is that the cost of doing business for the cash-and-carry store is necessarily lower than that of one selling on credit and making delivery. Sufficient answer is furnished by the act itself in the exemption (L. 1939, c. 403, § 3[d], 3 Mason Minn. St. 1940 Supp. § 3976-45[d]) of sales made by any merchant "in an endeavor made in good faith to meet the local prices of a competitor * * * in the same locality or trade area."

2. There is argument that the statute must fall because 3 Mason Minn. St. 1938 Supp. § 3976-46, is amended thereby but is not listed in the title as one of the sections to be amended. See "Editorial note" following § 3976-41 of 3 Mason Minn. St. 1940 Supp. wherein the same alleged defect is noticed. We find this position unsound because, though omitted from the 1939 law as published, § 3976-46 was among the sections listed in the title of the act as passed and approved.

There is argument also that, although the title of the 1939 law purports to repeal L. 1937, c. 116, as amended by L. 1937, c. 456, "the body of the act does not respond to that declared intent." This point is not well taken in view of L. 1939, c. 403, § 6, 3 Mason Minn. St. 1940 Supp. § 3976-48.

Judgment affirmed.